COMMONWEALTH *vs.* CHARLES L. WILLIAMS.

Suffolk.   June 26. — July 23, 1879.   MORTON & ENDICOTT, JJ., absent.

In an indictment on the Gen. Sts. c. 161, § 59, charging the defendant with conveying in mortgage incumbered real estate without disclosing the incumbrance, the allegation that the consideration for the conveyance was the payment of a certain sum of money, is not supported by proof that the defendant, to secure release from arrest, gave a note, secured by the mortgage in question, in settlement of his debt to the grantee and costs of suit thereon.

INDICTMENT on the Gen. Sts. *c.* 161, § 59, charging that the defendant, on December 17, 1877, at Boston, " unlawfully and fraudulently did convey in mortgage to one Robert R. Perkins certain real estate situated in said Boston " (describing it by metes and bounds) ; " that said Perkins then and there did pay to said Williams for said conveyance a valuable consideration, to wit, the sum of one hundred and forty-eight dollars and ninety-eight cents ; that there was then and there an incumbrance existing upon said real estate, to wit, a mortgage, by virtue of a deed of mortgage from said Williams to one Thomas C. Bacon, bearing date the fifteenth day of September, in said year one thousand eight hundred and seventy-seven ; that said deed of mortgage had not been before said seventeenth day of said December, nor was it then and there at the time he, said Williams, did convey said real estate as aforesaid to said Perkins, nor at any time theretofore, in any way discharged or released; that said Williams, then and there well knowing said incumbrance then to exist on said real estate, did not, before said consideration was paid as aforesaid, make known in any manner to said Perkins the existence thereof; but then and there did unlawfully and fraudulently convey said real estate to said Perkins, in manner and form as aforesaid, without, before said consideration was paid as aforesaid, informing him, said Perkins, of the existence and nature of said incumbrance, so far as he, said Williams, then and there had knowledge thereof."

At the trial in the Superior Court, before *Colburn*, J., to show the incumbrance upon the estate, the government put in evidence a mortgage deed of the estate, given by the defendant to Thomas C. Bacon, dated September 15, 1877, and recorded September 19,

1877, purporting to secure two notes, given by the defendant to Bacon, one for $2500, the other for $5000. To show the conveyance to Perkins, the government put in evidence a mortgage deed to him of said real estate, dated December 17, 1877, and recorded December 18, 1877, and a note to Perkins for $148.98, secured thereby.

It appeared in evidence that the defendant owed Perkins about $121, for painting a house; that an action had been brought against him by Perkins on this claim, and the defendant had been arrested; that the note and mortgage in question were given to pay this debt and costs of suit; and that, upon giving the note and mortgage, the defendant was discharged from arrest.

The defendant asked the judge to rule that there was a variance between the consideration for the mortgage as shown by the evidence, and that alleged in the indictment; but the judge declined so to rule.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*Willard Howland*, for the defendant.

*F. H. Gillett*, Assistant Attorney General, (*G. Marston*, Attorney General, with him,) for the Commonwealth.

LORD, J. Whether the statute upon which this indictment is founded applies to the conveyance of land for a precedent debt, when no present consideration is paid, or what construction shall be given to the phrase without, before the consideration is paid, informing the grantee or grantees of the existence and nature of such an incumbrance, it is unnecessary to inquire, because we are all clearly of opinion that there was a variance between the allegation and the proof.

The allegation that "said Perkins then and there did pay to said Williams for said conveyance a valuable consideration, to wit, the sum of one hundred and forty-eight dollars and ninety-eight cents," is not supported by proof that for an old debt and costs the defendant obtained a release from arrest by giving a note for the amount, secured by mortgage. It does not appear whether the note was negotiable, nor is any reference made to the note in the indictment; and, if the note was not negotiable, the only consideration for the mortgage was the release of the

defendant from arrest; for his debt remained as before, only increased by costs. But if it was negotiable, and so *prima facie* a payment of the debt, the variance was equally fatal.

*Exceptions sustained.*